# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MURPHY REAL ESTATE II, LLC**
        Plaintiff,

    v.                                                    Case No. 10CV580

**3420 MILWAUKEE, LLC**
        Defendants.

## DECISION AND ORDER

      Plaintiff Murphy Real Estate II, LLC brings this diversity action for breach of contract against defendant 3420 Milwaukee, LLC. All of the members of Murphy Real Estate II, LLC are diverse from all of the members of 3420 Milwaukee, LLC. Plaintiff claims damages in the amount of $82,600.03. Pursuant to Fed. R. Civ. P. 12(b)(1), defendant now moves to dismiss arguing that I lack subject matter jurisdiction because the amount in controversy is actually less than the jurisdictional minimum of $75,000. See 28 U.S.C. § 1332(a).

      The facts giving rise to the dispute are as follows: defendant agreed to indemnify plaintiff for legal expenses that plaintiff incurred in a dispute in state court; plaintiff alleges that such expenses amounted to $82,600.03; on June 24, 2010 defendant sent plaintiff an email acknowledging that it owed plaintiff $11,000 and offering to settle the dispute for $11,000; on July 13, 2010, plaintiff commenced the present action; on September 6, 2010, defendant sent plaintiff a check for $11,000 indicating that plaintiff could retain such funds without giving up its right to seek additional sums.

      Defendant argues that because, in June 2010, it acknowledged that it owed plaintiff $11,000 and subsequently sent plaintiff a check in that amount, the amount in controversy

is actually $71,600.03, less than the jurisdictional minimum. As stated, I may exercise jurisdiction if the amount in controversy "exceeds . . . $75,000 exclusive of interest and costs." In determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). To justify dismissal, it must appear to a "legal certainty" that the plaintiff will recover less than the jurisdictional amount. Id. at 289. The amount in controversy is determined at the moment that the action is commenced. Freeport-McMoRan, Inc. v. KN Energy, 498 U.S. 426, 428 (1991).

When plaintiff commenced this action it claimed, apparently in good faith, that defendant owed it $82,600.03. Thus, the amount in controversy is $82,600.03. The fact that defendant had previously acknowledged owing plaintiff $11,000 and/or offered to settle for that amount does not reduce the amount in controversy. This is so because, for jurisdictional purposes, an admission of liability does not reduce the amount of the claim. See In the Matter of Francis S. Reisenberg, 208 U.S. 90, 108 (1908). Because the amount in controversy is determined when the action is filed, the fact that subsequent thereto defendant sent plaintiff $11,000 also has no effect. Thus, plaintiff satisfies the requirement that the amount in controversy exceed $75,000.

**THEREFORE**, for the reasons stated, defendant's motion is **DENIED.**

Dated at Milwaukee, Wisconsin this 1st day of December 2010.

/s_____
LYNN ADELMAN
District Judge